UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALBERT N. MAIDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. Action No. 04-1589 (RJL) |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | **FILED** |
| ) | |
| Defendant. ) | JUL 1 3 2006 |

MEMORANDUM OPINION
(July 7, 2006)

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff, Albert N. Maiden, brought this action against the Commissioner of Social Security, Jo Anne B. Barnhart ("Commissioner" or "Secretary"), seeking judicial review of a decision on July 15, 2004, of the Appeals Council of the Social Security Administration ("SSA") upholding an administrative law judge's ("ALJ") dismissal of plaintiff's untimely request for a hearing. (See A.R. 144-47.) Currently before the Court is defendant's Motion to Dismiss plaintiff's Complaint on the ground that this Court lacks subject-matter jurisdiction to hear the case. For the following reasons, defendant's Motion to Dismiss is GRANTED.

## BACKGROUND

On March 16, 2001, the SSA notified plaintiff that he had received an overpayment of $1,600.84 in SSI benefits. (A.R. 167-72.) Five days later, on March 21, 2001, plaintiff requested a waiver of the overpayment (A.R. 173-79). His request was denied by the SSA on May 2, 2001. (A.R. 185-88.) Plaintiff timely filed a request for reconsideration (A.R.

189) which was denied on June 12, 2001 (A.R. 191-93). The denial notice informed plaintiff that if he wished to further contest the decision, he had sixty days to file a request for a hearing before an Administrative Law Judge. (A.R. 191-93.)

On June 25, 2001, plaintiff sought an attorney referral from the D.C. Bar Pro Bono Program (A.R. 264-67), and on October 2, 2001, plaintiff entered into a representation agreement with his current counsel (A.R. 273-75). Plaintiff did not file a request for a hearing, however, until more than one year later (i.e. July 19, 2002). (A.R. 195.) Because plaintiff's request was untimely, the SSA treated plaintiff's request as a request for an extension of time to request a hearing as provided by 20 C.F.R. § 416.1433.[1] Accordingly, the ALJ held a hearing to determine if plaintiff had good cause for failing to submit a timely request for a hearing to reconsider the Appeals Council's denial. (A.R. 276-305.) On August 14, 2003, the ALJ found that plaintiff did not demonstrate good cause to extend the time for filing, and therefore dismissed plaintiff's request for a hearing. (A.R. 144-147.) The SSA Appeals Council subsequently upheld the ALJ's decision. (A.R. 4-5.) Plaintiff seeks reversal of the SSA's dismissal of his belated request for a hearing and remand to the SSA, thus raising the issue of whether this Court has jurisdiction to review such a decision. Based

---

[1]   SSA regulations do not provide a means for a claimant to request a hearing after the sixty day time period has expired. Rather, 20 C.F.R. § 416.1433(c) provides that if a claimant with a right to a hearing does not request one in time, the claimant may ask for an extension of the time in which to make the request. 20 C.F.R. § 416.1433(c). Such a request must be in writing and must show good cause for missing the deadline. *Id.* If a claimant demonstrates good cause for missing the deadline, then the time period will be extended. *Id.*

on the following analysis, the Court concludes that it does not and must, therefore, GRANT defendant's Motion.

## DISCUSSION

### I.  Standard of Review

The proper standard for a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) has been well-established by both the Supreme Court and this Circuit. A complaint may be dismissed for lack of subject-matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court must construe the complaint liberally in determining whether the Court has subject-matter jurisdiction. *See Scandinavian Satellite Sys., AS v. Prime TV Ltd.*, 291 F.3d 839, 844 (D.C. Cir. 2002) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1 (2002)). Additionally, the Court "assumes the truth of the allegations made and construes them favorably to the pleader." *Empagran S.A. v. F. Hoffman-LaRoche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 1998). Finally, because a challenge to subject-matter jurisdiction calls into question the Court's power to hear the case, the Court may consider materials outside of the pleadings. *See Teva Pharm., USA, Inc. v. U.S. Food & Drug Admin.*, 182 F.3d 1003, 1008 (D.C. Cir. 1999); *see also EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 625 n.3 (D.C. Cir. 1997).

## II. Judicial Review of a Non-Final Decision is Precluded by Regulation and Controlling Precedent

Title II of the Social Security Act provides disability benefits for claimants who suffer a physical or mental disability within the meaning of the Act that arise prior to the expiration of their insured status. 42 U.S.C. §§ 416(i), 423 (2000); *Califano v. Sanders*, 430 U.S. 99, 101 (1977). The administrative process begins when an initial determination is made about a claimant's "eligibility for benefits or about any other matter," 20 C.F.R. § 416.1400, such as a determination of an overpayment that must be repaid to the SSA, § 416.1402(c). If a claimant receives an adverse decision, the claimant may file a request for reconsideration; such a request must be filed within sixty days from receipt of the initial notice unless "good cause"[2] is shown for missing the deadline. § 416.1409. If, upon reconsideration, a claimant's request is again denied, he may request a hearing before an administrative law judge. § 416.1433. Such a request must be submitted in writing within sixty days after the claimant receives notice of the previous determination or decision. §416.1433(b). If a claimant that has the right to request such a hearing fails to do so within the sixty day time period, this regulation provides that he may "ask for more time to make [his] request" and if "good cause" is shown, "the time period will be extended." § 416.1433(c). The regulations do not provide a means for a claimant to request a hearing after the sixty day time

---

[2]  In determining whether a claimant has shown "good cause" for missing a deadline to request review, the SSA considers: "[w]hat circumstances kept [the claimant] from making the request on time . . . and [w]hether [the claimant] had any physical, mental, educational, or linguistic limitations . . . which prevented [the claimant] from filing a timely request or from understanding or knowing about the need to file a timely request for review." 20 C.F.R. § 416.1411.

period has expired. Thus, a belated request for a hearing must be treated as a request for an extension of time to request a hearing,[3] and the regulations *explicitly* state that an administrative action denying a request to extend the time period within which to request a hearing is *not* a determination that is subject to judicial review. 20 C.F.R. § 416.1403(a)(8).

While our Circuit has never specifically addressed the issue of whether such a decision is a "final decision" subject to review by a federal court, the overwhelming majority of appellate courts have held that a denial of an untimely request for a hearing is *not* a final decision as required by the Social Security Act, and that as such, is not subject to judicial review.[4] Not surprisingly, this majority view is consistent with the Supreme Court's recognition in *Califano v. Sanders* that Congress' intent in passing 42 U.S.C. § 405(g) was to "limit judicial review to the original decision denying benefits [which] is a policy choice obviously designed to forestall repetitive or belated litigation[.]" *Sanders*, 430 U.S. at 108. Therefore, this Court will similarly respect this choice and GRANTS defendant's Motion to Dismiss for lack of jurisdiction to hear this action under 42 U.S.C. § 405(g) or § 1383(c)(3).[5]

---

[3] *See supra,* note 1.

[4] *See Brook v. Shalala,* 48 F.3d 348, 351 (8th Cir. 1995); *Hilmes v. Sec'y of HHS,* 983 F.2d 67, 70 (6th Cir. 1993); *Bacon v. Sullivan,* 969 F.2d 1517, 1520-22 (3d Cir. 1992); *Matlock v. Sullivan,* 908 F.2d 492, 494 (9th Cir. 1990); *Harper ex rel. Harper v. Bowen,* 813 F.2d 737, 743 (5th Cir. 1987); *Adams v. Heckler,* 799 F.2d 131 (4th Cir. 1986); *Dietsh v. Schweiker,* 700 F.2d 865, 867 (2d Cir. 1983); *Watters v. Harris,* 656 F.2d 234, 238-39( (7th Cir. 1980); *see also Brandtner v. Dep't of HHS,* 150 F.3d 1306, 1307 (10th Cir. 1998) (holding that Appeals Council's dismissal of untimely request for review was not a final decision); *Doe v. Sec'y of HHS,* 744 F.2d 3, 4 (1st Cir. 1984) (holding that a dismissal of a request for a hearing was not "the type of final decision Congress intended routinely to subject to judicial review"). In fact, only the Eleventh Circuit has not adopted this majority position. *See Bloodsworth v. Heckler,* 703 F.2d 1233, 1236-39) (11th Cir. 1983).

[5] Plaintiff also asserts that this action arises under the Administrative Procedure Act ("APA"). (Compl. ¶ 8.) The APA provides that any "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to

## III.   Plaintiff has Failed to Allege a Colorable Constitutional Claim

Count IV of plaintiff's Complaint alleges that plaintiff's due process rights under the Fifth Amendment were violated because the SSA allegedly failed "to consider whether 'good cause' existed for [plaintiff's] late filing due to physical, mental, educational, or linguistic limitations [and] deprived [plaintiff] of meaningful notice and an opportunity to be heard as to the effect of those limitations." (Compl. ¶¶ 53-54.)

While the Court may review an SSA decision if a plaintiff alleges a colorable constitutional claim, *see Califano v. Sanders*, 430 U.S. 99. 109 (1977), the mere allegation of a due process violation is insufficient to raise a colorable constitutional claim that will provide the Court with subject-matter jurisdiction. *Hoye v. Sullivan*, 985 F.2d 990, 992 (9th Cir. 1992). Indeed, if jurisdiction were to be sustained by mere allegations of denials of due process, "every disappointed claimant could raise such a due process claim, thereby undermining a statutory scheme designed to limit judicial review." *Holloway v. Schweiker*, 724 F.2d 1102, 1105 (4th Cir. 1984).

---

judicial review thereof." 5 U.S.C. § 702 (2000). In reviewing such agency action, "the reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706 (2000). The Supreme Court, however, has noted that the APA "nowhere contains an explicit grant of jurisdiction to challenge agency action in federal courts," *Sanders*, 430 U.S. at 105-06, and it has further held that "the APA is not to be interpreted as an implied grant of subject-matter jurisdiction to review agency actions," *id.* at 105. Therefore, subject-matter jurisdiction over the present action cannot be predicated on the APA. *See Sanders*, 430 U.S. at 105-06. An independent basis for jurisdiction must exist for this Court to consider defendant's alleged violations of the APA. Accordingly, and consistent with the manifest weight of the authority, this Court hereby GRANTS defendant's Motion to Dismiss Counts I-III of the plaintiff's Complaint.

In the instant case, plaintiff was provided the opportunity to present evidence of "good cause" in order to be granted an extension of time to request a hearing; a hearing was specifically held for this purpose. (*See* A.R. 142-147, 276-305.) The Administrative Record does not contain any evidence of plaintiff's alleged medical condition beyond plaintiff's conclusory statement that he has difficulty concentrating "sometimes." (A.R. 127.) Plaintiff submitted no medical records, nor any "particularized allegation" of a mental impairment which prevented him from filing his request for a hearing within the required sixty day time limit. *See Stieberger v. Apfel*, 134 F.3d 37, 40-41 (2d Cir. 1997) (emphasizing the claimant's hospitalization and allegations of continuous treatment for depression, neurosis, schizophrenia, and anxiety, as well as diagnosis of a "Schizophrenia schizo-affective, depressed type" in ultimately upholding jurisdiction);*see* A.R. 276-305. There is no indication that the ALJ failed to consider the entirety of the testimony and plaintiff's medical condition at plaintiff's hearing; in fact, the ALJ stated in his decision that he was "mindful of the possible effects of [plaintiff's] impairments on his ability to understand his appellate rights[.]" (A.R. 146.) Thus, defendant has failed to raise a colorable constitutional claim under these circumstances. Accordingly, the Court and hereby GRANTS defendant's Motion to Dismiss Count IV of the Complaint.[6]

---

[6] Plaintiff alternately contends that he was denied due process by the ALJ's failure to request any additional information he believed necessary to make his determination. (Pl.'s Opp'n 12.) In support of this contention, plaintiff cites *Poulin v. Bowen*, in which our Circuit noted that an ALJ has "an affirmative duty to . . . develop the comprehensive record requisite for a fair determination of disability." 817 F.2d 865, 870 (D.C. Cir. 1987). However, *Poulin* is clearly distinguishable from the present action. In *Poulin,* there was an absence of information concerning the claimant's eligibility for benefits during a certain time period, *id.* at 871; in the present case, plaintiff merely failed to produce sufficient evidence

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's Motion to Dismiss. An appropriate Order will issue with this Memorandum Opinion.

                                                 *[signature]*
                                                 RICHARD J. LEON
                                                 United States District Judge

---

to support an argument he affirmatively advanced on his behalf as to why he should be granted an extension of time to file for a hearing.